UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

DARCI H.,

                              Plaintiff,

v.                                                          CASE NO. 1:21-cv-00877
                                                            (JGW)
COMMISSIONER OF SOCIAL SECURITY,

                              Defendant.
_____

APPEARANCES:                              OF COUNSEL:

LAW OFFICES OF KENNETH HILLER, PLLC        MARY ELLEN GILL, ESQ.
  Counsel for Plaintiff                    KENNETH R. HILLER, ESQ.
6000 North Bailey Avenue
Suite 1A
Amherst, NY 14226

U.S. SOCIAL SECURITY ADMIN.                SIXTINA FERNANDEZ, ESQ.
OFFICE OF REG'L GEN. COUNSEL – REGION II
  Counsel for Defendant
26 Federal Plaza – Room 3904
New York, NY 10278

J. Gregory Wehrman, U.S. Magistrate Judge,

## MEMORANDUM-DECISION and ORDER

The parties consented in accordance with a standing order to proceed before the
undersigned. The court has jurisdiction over this matter pursuant to 42 U.S.C. § 405(g).
The matter is presently before the court on the parties' cross-motions for judgment on the
pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Upon review of
the administrative record and consideration of the parties' filings, the plaintiff's motion for
judgment on the administrative record is DENIED, the defendant's motion for judgment

on the administrative record is GRANTED, and the decision of the Commissioner is AFFIRMED.

## I.    RELEVANT BACKGROUND

### A.    Factual Background

Plaintiff was born on May 18, 1978, and has at least a high school education. (Tr. 210, 219). Generally, plaintiff's alleged disability consists of posttraumatic stress disorder, migraines, anxiety, asthma, bipolar disorder, short-term memory deficits, fibromyalgia, degenerative disc disease, and migraines. (Tr. 209).

### B.    Procedural History

On September 6, 2019, plaintiff applied for a period of Supplemental Security Income (SSI) under Title XVI of the Social Security Act. (Tr. 15). Plaintiff's application was initially denied. It was then denied upon reconsideration on May 11, 2020. (Tr. 15). She timely requested a hearing before an Administrative Law Judge (ALJ). On November 20, 2020, plaintiff appeared telephonically before ALJ John Loughlin. (Tr. 35-64). On December 3, 2020, ALJ Loughlin issued a written decision finding plaintiff not disabled under the Social Security Act. (Tr. 12-29). On June 22, 2021, the Appeals Council (AC) denied plaintiff's request for review, rendering the ALJ's decision the final decision of the Commissioner. (Tr. 1-3). Thereafter, plaintiff timely sought judicial review in this Court.

### C.    The ALJ's Decision

Generally, in his decision, the ALJ made the following findings of fact and conclusions of law:

1. The claimant has not engaged in substantial gainful activity since September 6, 2019, the application date (20 CFR 416.971 et seq.).

2. The claimant has the following severe impairments: a migraine disorder; pulmonary disorders, including chronic obstructive pulmonary disease, and asthma; lumbar degenerative disc disease; obesity; a schizoaffective disorder; other affective disorders, including bipolar and major depressive disorders; an anxiety disorder; and posttraumatic stress disorder (PTSD) (20 CFR 416.920(c)).

3. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d), 416.925 and 416.926).

4. After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 416.967(b) except she can frequently stoop, kneel, crouch, and/or crawl, can frequently climb stairs and/or ramps, can occasionally climb ladders, ropes, and/or scaffolds and can occasionally be exposed to vibrations, unprotected heights, and/or moving machinery parts. The claimant can have occasional exposure to dust, noxious odors and fumes, and/or poor ventilation and requires a moderate noise work environment, as defined in the Dictionary of Occupational Titles (DOT) and Selected Characteristics of Occupations. She can understand and remember simple instructions, make simple work related decisions, carry-out simple instructions, can occasionally deal with changes in a routine work setting, and can occasionally deal with coworkers and/or the public.

5. The claimant has no past relevant work (20 CFR 416.965).

6. The claimant was born on May 18, 1978 and was 41 years old, which is defined as a younger individual age 18-49, on the date the application was filed (20 CFR 416.963).

7. The claimant has at least a high school education (20 CFR 416.964).

8. Transferability of job skills is not an issue because the claimant does not have past relevant work (20 CFR 416.968).

9. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 416.969 and 416.969(a)).

10. The claimant has not been under a disability, as defined in the Social Security Act, since September 6, 2019, the date the application was filed (20 CFR 416.920(g)).
(Tr. 12-29).

## II.   THE PARTIES' BRIEFINGS

### A.   Plaintiff's Arguments

Plaintiff makes two arguments in support of her motion for judgment on the pleadings. First, plaintiff argues the Appeals Council erred in rejecting new and material evidence. Second, plaintiff contends the ALJ erred by relying on opinion evidence that was vague when formulating the RFC and failed in his duty to recontact medical sources. (Dkt. No. 7 [Pl.'s Mem. of Law].)

### B.   Defendant's Arguments

In response, defendant argues that substantial evidence supports the ALJ's decision and plaintiff has not met her burden of proving a more restrictive RFC. Defendant asserts the ALJ was not required to recontact any medical source and that the evidence to the Appeals Council was properly considered and did not present a reasonable probability that it would change the outcome of the decision. (Dkt. No. 8 [Def.'s Mem. of Law].)

## III.   RELEVANT LEGAL STANDARD

### A.   Standard of Review

A court reviewing a denial of disability benefits may not determine de novo whether an individual is disabled. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will only be reversed if the correct legal standards were not applied, or it was not supported by substantial evidence. *See Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987) ("Where there is a reasonable basis for doubt whether the ALJ applied

correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles."); *Grey v. Heckler*, 721 F.2d 41, 46 (2d Cir. 1983); *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979).

"Substantial evidence" is evidence that amounts to "more than a mere scintilla," and has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427 (1971). Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *See Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

"To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988).

If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a de novo review." *Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984).

**B.    Standard to Determine Disability**

The Commissioner has established a five-step evaluation process to determine whether an individual is disabled as defined by the Social Security Act. *See* 20 C.F.R. § 416.920. The Supreme Court has recognized the validity of this sequential evaluation process. *See Bowen v. Yuckert*, 482 U.S. 137, 140-42, 107 S. Ct. 2287 (1987). The five-step process is as follows:

> (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a 'residual functional capacity' assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's residual functional capacity, age, education, and work experience.

*McIntyre v. Colvin,* 758 F.3d 146, 150 (2d Cir. 2014).

**IV.    ANALYSIS**

**A.  Evidence to the Appeals Council**

A claimant is expressly authorized to submit new and material evidence to the Appeals Council (AC). *Perez v. Chater*, 77 F.3d 41, 44 (2d Cir. 1996) (*citing* 20 C.F.R. §§ 404.970(b), 416.1470(b)). Under the Commissioner's regulations, the AC will review a case based on additional evidence if, in addition to meeting other requirements, the evidence relates to the period on or before the date of the hearing decision and there is a reasonable probability that it would change the outcome of the decision. 20 C.F.R. § 416.1470(a)(5). In the Second Circuit, the new evidence submitted to the AC following the ALJ's decision becomes part of the administrative record for judicial review when the AC denies review of the ALJ's decision. *Perez*, 77 F.3d 41, 45 (2d Cir. 1996). "The court

reviews 'the entire administrative record' (including the new evidence) to determine whether 'there is substantial evidence to support the decision of the Secretary.'" *Wells v. Comm'r of Soc. Sec*., No. 1:20-CV-10332, 2022 WL 1302187, at *8 (S.D.N.Y. May 2, 2022) (citing inter alia *Lesterhuis v. Colvin*, 805 F.3d 83, 87 (2d Cir. 2015)). As further explained below, plaintiff has failed to demonstrate that there is a substantial likelihood of a different result in light of this additional evidence.

The relevant period for the instant case was from September 6, 2019, plaintiff's SSI application date, through December 3, 2020, the date of the ALJ's decision. The records submitted to the AC by plaintiff were for treatment by Dr. Billy Carstens between October 22, 2020, through December 9, 2020. The AC identified the records but concluded that the evidence did not show a reasonable probability that it would change the outcome of the decision. (Tr. 2). This Court agrees.

As an initial matter, the treatment record dated December 9, 2020, is not material because it post-dates the ALJ's decision and does not relate back to the relevant period. (Tr. 75-77). Further, the records from October 22, 2020, and November 2, 2020, were telemedicine appointments with no examinations performed. (Tr. 66-71). The lumbar x-ray referenced in the October record was also duplicative of a prior record and previously considered by the ALJ. (Tr. 24, 66, 768). The remaining treatment record from the submission, dated November 11, 2020, did not show any greater limitations than those already assessed by the ALJ. While plaintiff had a decreased range of motion in her lumbar spine at the visit, this finding was consistent with a prior finding by consultative examiner Dr. Toor. (Tr. 442). The other exam findings, including full motor strength in all four extremities, is consistent with the ALJ's RFC finding for light work. (Tr. 74). In sum,

the evidence before the AC was not substantially different than the evidence already before the ALJ.

Plaintiff's subsequent argument that the evidence to the AC would change the outcome because the ALJ rejected plaintiff's subjective reports of limitations and a medical opinion from Nurse Practitioner Roae which was supported by the records is also unavailing. In his decision ALJ Loughlin does not reject plaintiff's subjective reports but found her statements concerning the intensity, persistence and limiting effects of her alleged symptoms were not entirely consistent with the medical and other evidence of record, including her ability to perform activities of daily living. (Tr. 22-27).

Indeed, the ALJ was unpersuaded by NP Roae's November 5, 2020 opinion that plaintiff could sit, stand and/or walk only two hours total in an eight-hour workday; could rarely move her head or hold it in a static position; could never look down; could engage in gross or fine manipulation only 25 percent of the workday; could reach in any direction with either upper extremity only 10 percent of the workday; and could not perform even "low stress" jobs due to pain. (Tr. 24, 26; see Tr. 1095-99). The ALJ concluded that the opinion was remarkably inconsistent with the record as a whole. (Tr. 24, 26, 1095-99). 20 C.F.R. § 416.920c(c)(2)(consistency). As discussed by the ALJ, despite plaintiff's complaints of disabling back pain, a September 2020 lumbar spine x-ray (which was sent to NP Roae and also repeated in the November 2020 treatment note sent to the AC) showed only mild degenerative changes of L4-5 and L5-S1 and no loss of vertebral height. (Tr. 24; *see* Tr. 768). The ALJ also found the opinion was not supported by NP Roae's own treatment notes. (Tr. 24, 26- 27). 20 C.F.R. § 416.920c(c)(1)(supportability).

Specifically, the ALJ referenced NP Roae's January 2020 treatment note of a

recent injury causing neck pain and limited range of motion but explained that it did not establish the injury was likely to persist for a period lasting at least 12 consecutive months because two months later her examination was unremarkable for neck or upper body limitations. (Tr. 27). Furthermore, although already considered by the ALJ, plaintiff does not explain how the September 2020 findings (which were repeated in the evidence submitted to the AC) of tenderness in the thoracic and lumbosacral spine and a 50% decreased range of lumbar spine motion translate into a limitation to standing and walking for only about two hours per day as opined by NP Roae. (Tr. 1097). In sum, plaintiff has not satisfied her burden to show the evidence submitted to the AC was contrary to the weight of the evidence before the ALJ. *See Rutkowski v. Astrue*, 368 F. App'x 226, 229 (2d Cir. 2010) (holding that the Appeals Council will consider new evidence only if the evidence is material, the evidence relates to the period on or before the ALJ's decision, and the Appeals Council finds that the ALJ's decision is contrary to the weight of the evidence, including the new evidence).

Addressing plaintiff's related argument, the regulations do not require the Appeals Council to provide an elaborate explanation when it evaluates additional evidence presented. 20 C.F.R. § 404.967 (only requires Appeals Council to notify the party of its action), and § 404.970 (does not mention any information that must be in the denial notice). Furthermore, the Second Circuit has specifically acknowledged that the Appeals Council's denial of review does not amount to consideration on the merits but rather, is analogous to denial of certiorari. *See Pollard v. Halter*, 377 F.3d 183, 192 (2d Cir. 2004)(citations omitted). Thus, the Appeals Council was not required to specify why it found the additional evidence did not warrant further review of the ALJ's decision.

### B.  Opinion Evidence

Next, plaintiff essentially argues the ALJ was required to recontact the physical consultative examiners because the ALJ found their term of "moderate" vague. (Dkt. No. 6 at 11). To be sure, Dr. Toor opined that plaintiff had moderate limitation standing, walking, sitting, bending, lifting, and carrying, and should avoid irritants or other factors which can precipitate asthma. (Tr. 442). Dr. Benchoam-Ravid opined that plaintiff had moderate limitation for prolonged walking, standing, climbing stairs, lifting, carrying, and squatting; and should avoid being in unprotected heights, operating machinery and a motor vehicle, severe exercise because of asthma. (Tr. 754). While plaintiff concedes it was appropriate for the ALJ to find the opinions only partially persuasive because the term moderate is vague, she argues the ALJ was required to reach out to the consulting examiners for clarification. (Dkt. No. 6 at 11).

This argument is unavailing. *See Tracy Lynn L. v. Comm'r of Soc. Sec.*, No. 1:20-CV-0942-WBC, 2021 WL 5851187, at \*4-5 (W.D.N.Y. Dec. 9, 2021) (rejecting argument that ALJ needed to recontact medical source simply because ALJ found opinion to be vague) (citing *Morris v. Berryhill*, 721 F. App'x 25, 28 (2d Cir. 2018) (summary order), for proposition that duty to recontact only arises "if the ALJ lacks sufficient evidence in the record to evaluate the doctor's findings"). There is no absolute obligation or duty to recontact a medical source under the regulations, particularly when the evidence in the record is complete and consistent. See 20 C.F.R. § 404.1520b. The Second Circuit has reaffirmed that an ALJ is free to reject a vague medical source opinion without needing to recontact the source for clarification. *See Schillo v. Kijakazi*, 31 F.4th 64, 78 (2d Cir. 2022) ("Schillo contends that the ALJ was duty bound to obtain a more detailed and

clarified statement from Dr. Shukri before rejecting statements due to vague, undefined terms. We disagree.") (internal quotations omitted).

Here, despite finding the two opinions partially persuasive, there was no obvious gap in the record that would compel an ALJ to seek additional information because he was precluded from making an informed decision. *Rosa v. Callahan*, 168 F.3d 79 n.5 (2d Cir. 1999). The ALJ did not rely solely on these two opinions but considered the record as a whole which included other prior administrative medical findings and treatment notes containing objective medical findings regarding plaintiff's physical impairments. The ALJ supported the RFC for light work with the mild diagnostic findings of record as well as the generally unremarkable physical examination findings. (S*ee* Tr. 24-27. The RFC finding is further supported by plaintiff's report that she can lift 20 pounds as well as her ability to engage in a range of activities of daily living such as driving, shopping, socializing, and volunteering at the Red Cross. (Tr. 22-23). Dr. Toor and Dr. Benchoam-Ravid physically examined plaintiff and observed generally unremarkable findings such as normal gait and station, no difficulty changing for the exam or getting on and off the exam table, full cervical spine and upper extremities range of motion, physiologic and equal deep tendon reflexes in all extremities, no sensory deficits, and full (5/5) strength in all four extremities. (Tr. 441-42, 752-53).

Notably, the prior administrative medical findings of the State agency medical consultants had concluded plaintiff had no severe physical impairments. (Tr. 82-87). While the ALJ concluded the prior administrative medical findings were not persuasive, it was because the ALJ gave plaintiff the benefit of the doubt based on subsequent positive clinical findings and found that she had a severe back impairment that limited her to an

RFC for a range of light work. (Tr. 17, 21-27). *Ramsey v. Comm'r of Soc. Sec.*, 830 F. App'x 37, 39 (2d Cir. 2020) (affirming where ALJ in some instances deviated from opinions to decrease the plaintiff's RFC, based on other evidence in the record).

Although plaintiff disagrees with the ALJ's finding and argues that the ALJ should have reached a different conclusion, plaintiff's burden was to show that no reasonable mind could have agreed with the ALJ's conclusions, which she has failed to do. The substantial evidence standard is a very deferential standard of review and the Commissioner's findings of fact must be upheld unless "a reasonable factfinder would have to conclude otherwise.*" Brault v. Soc. Sec. Admin. Comm'r*, 683 F.3d 443, 448 (2d Cir. 2012). As the Supreme Court explained in *Biestek v. Berryhill*, "whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high" and means only "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (internal citations omitted).

**ACCORDINGLY**, it is

**ORDERED** that Plaintiff's motion for judgment on the pleadings (Dkt. No. 7) is

    **DENIED**; and it is further

**ORDERED** that Defendant's motion for judgment on the pleadings (Dkt. No. 8) is

    **GRANTED**.

Dated: April 22, 2024              J. Gregory Wehrman
Rochester, New York            HON. J. Gregory Wehrman
                                       United States Magistrate Judge